Gentlemen:
This opinion is being issued in response to your request for a ruling on the following questions:
 "(1) Can a school district continue to transport pupils living between 1/2 mile and 1 mile from school pursuant to an election held under former Section 167.231, despite the repeal and reenactment of that section in H.B. 969?
 "(2) Can a school district assist parents in contracting with private carriers to transport children to and from school where the school district is not a party to the contract?
 "(3) Is Section 167.231(3), as set forth in H.B. 969, a violation of Art. IX, § 1(a) or Art. I, § 2 of the Missouri Constitution?"
 I.
Your first question concerns the effect of Section 167.231, H.B. 969, 79th General Assembly, on those school districts which had held an election under the former provisions of Section 167.231
authorizing the transportation of pupils living more than one-half mile from school. H.B. 969 changed that section to allow school districts to hold an election to authorize the transportation of pupils living less than one mile from school.
In Opinion No. 133 (1978) (copy enclosed), this office examined several aspects of H.B. 969, including its relationship to H.B. 971, enacted in the same session of the General Assembly. This latter bill, known as the Comprehensive Election Law Act, also purported to repeal and reenact Section 167.231, but did so only to the extent of amending the election procedures, leaving the substantive provisions of the statute unchanged. In Opinion No. 133, we ruled that H.B. 969 and H.B. 971 were not irreconcilably repugnant, and that both bills may stand and be given effect. School districts may choose to proceed under either act.
The substantive provisions of Section 167.231 as they formerly existed were unchanged in H.B. 971. In light of our ruling that H.B. 971 may be given full force and effect, there is no reason to hold that elections held under the former law are abrogated or nullified. Because the current statute (as contained in H.B. 971) continues the grant of authority contained in the former law, those school districts which held elections under the former law may continue to transport pupils in accordance therewith.
We conclude, therefore, that an election validly held under the former provisions of Section 167.231, may continue in force, and school districts where voters have approved the transportation of pupils living more than one-half mile from school may continue to provide such transportation in accordance with H.B. 971 and irrespective of H.B. 969.
 II.
Your second question asks whether a school district may assist parents in contracting with private carriers to transport children to and from school where a school district is not a party to the contract. You have indicated that the district itself operates its own transportation and the carriers involved do not have any contractual relation with the district, and the children involved would not otherwise be eligible for district-provided transportation.
There are no statutes governing matters of contract between parents and persons or companies which offer transportation services to children to and from school. This would obviously be a private transaction between the parent and the carrier. Nor is there any statutory provision governing the involvement of school districts in such transactions. However, if the school district possesses information which might aid parents in finding a suitable carrier, or which might aid parents in determining reasonable costs for such services, we see no reason why that information cannot be made available to parents for these purposes.
We therefore conclude that school districts may assist parents in contracting with private carriers to transport pupils to and from school.
 III.
Your third question asks for a ruling respecting the so-called "Greene County amendment," Section 167.231(3), contained in H.B. 969. That provision allowed counties of a specified type to charge parents the cost of transporting pupils who are otherwise ineligible for transportation to and from school at district expense.
It is the policy of this office not to issue opinions as to the constitutionality of bills passed by the General Assembly and approved by the Governor except in an instance where there is absolutely no doubt whatsoever on the question.
We believe that our general policy should be followed in this instance and that we should rely on the presumption of constitutionality of the act. If a court action is brought to contest the constitutionality of this law, the Attorney General will have the duty of upholding its constitutionality. In view of these circumstances, we must respectfully decline to render an opinion on this question.
CONCLUSION
Based on the foregoing discussion, it is the opinion of this office that:
1. School districts which were authorized by the voter to provide transportation to pupils living more than one-half mile from school under the former provisions of Section 167.231 may continue to do so irrespective of the enactment of H.B. 969.
2. School districts may assist parents in contracting with private carriers to transport children to and from school.
3. This office will not render an opinion on the constitutionality of Section 167.231(3) of H.B. 969.
This opinion, which I hereby approve, was prepared by my assistant, Sheila K. Hyatt.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 133 (1978)